IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCEL CARADINE, #B72637, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-01159-GCS |
| | ) |
| ROB JEFFREYS, | ) |
| CHRISTOPHER S. THOMPSON, | ) |
| GLENN JACKSON, and | ) |
| CHRISTINA BATSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:[1]**

Plaintiff Marcel Caradine, an inmate of the Illinois Department of Corrections ("IDOC"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Caradine claims that he has been incarcerated in excess of his sentence because of a failure to apply the proper credit for his pretrial detention. He seeks release from confinement and monetary damages.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages

---

[1] The Court has jurisdiction to screen Caradine's Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction, as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

from an immune defendant must be dismissed. See 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Caradine makes the following allegations in the Complaint (Doc. 1): Caradine pled guilty pursuant to a plea bargain in two cases in the Circuit Court of Will County. He was told he would be credited for 344 days of pretrial detention. When he entered IDOC custody, the IDOC Clerk miscalculated his parole date because he was only credited for 93 days of pretrial detention instead of 344 days. As a result, he has been confined in excess of his sentence.

Based on the allegations in the Complaint, the Court designates the following single count in this *pro se* action:

> **Count 1:** **Eighth Amendment claim for excessive confinement against Defendants.**

Any other claim that is mentioned in the Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under the *Twombly* standard.[2]

## DISCUSSION

As an initial matter, Caradine's request for release from confinement is not an available remedy in this Section 1983 action. The United States Supreme Court has long held that the sole federal remedy for a state prisoner who is challenging the fact or duration of his physical confinement and seeking immediate or speedier release from

---

[2] See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

imprisonment is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). As such, Caradine's request for injunctive relief is dismissed.

"Incarceration beyond the date when a person is entitled to be released violates the Eighth Amendment if it is the product of deliberate indifference." *Figgs v. Dawson*, 829 F.3d 895, 902 (7th Cir. 2016). To state a claim for excessive confinement, a plaintiff must demonstrate that: (1) the defendants held him beyond the term of his incarceration without penological justification; and (2) the prolonged detention was the result of the defendant's deliberate indifference. *See Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014). Deliberate indifference occurs when a defendant ignores a known risk of prolonged confinement. *Id.*

Caradine's allegations do not indicate what role the Defendants played in his alleged excessive confinement. Without any specific allegations against the Defendants, the Complaint does not satisfy the dictates of Federal Rule of Civil Procedure 8, which requires a Complaint to set forth a short, plain statement of the case against each individual. *See* FED. R. CIV. PROC. 8(a)(2). Merely naming a party in the caption of a Complaint is not enough to state a claim against that individual or entity. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Moreover, to the extent Caradine seeks to hold Defendants liable based on their supervisory positions, his claim fails because the doctrine of *respondeat superior* does not apply to Section 1983 actions. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). Because there is no suggestion that Defendants are personally responsible for the alleged excessive confinement, Caradine fails to state a claim against them. *See, e.g., Pepper v.*

*Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005)(stating that "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.").

For the reasons stated above, the Complaint fails to state a claim upon which relief can be granted and will be dismissed without prejudice. Caradine, however, will be granted leave to file a First Amended Complaint.

### MOTION FOR RECRUITMENT OF COUNSEL

Civil litigants do not have a constitutional or statutory right to counsel. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), however, the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own or been effectively precluded from doing so; and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013)(citing *Pruitt*, 503 F.3d at 654). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Here, Caradine fails to indicate any efforts made to obtain counsel on his own and, therefore, his request for recruitment of counsel is premature. Further, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013). For these reasons, the

Motion for Recruitment of Counsel (Doc. 3) will be denied. Caradine may renew his request for counsel at any time during the pending action after first attempting to locate counsel on his own. If Caradine does renew his request, he should give the Court rejection letters from at least three attorneys to demonstrate that he has made reasonable efforts to obtain counsel on his own.

## DISPOSITION

**IT IS ORDERED** that this matter does not survive 28 U.S.C. § 1915A review, and the Complaint is **DISMISSED** without prejudice for failure to state a claim for relief.

Caradine is **GRANTED** leave to file a First Amended Complaint on or before **July 31, 2020**. If Caradine decides to file a First Amended Complaint, he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. A successful complaint generally alleges "the who, what, when, where, and how . . . ." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Caradine should attempt to include the relevant facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Caradine must re-file any relevant exhibits he wishes the Court to consider. The First Amended Complaint is subject to review pursuant to 28

U.S.C. § 1915A.

If Caradine decides to file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-01159-GCS). To enable Caradine to comply with this Order, the **CLERK** is **DIRECTED** to mail Caradine a blank civil rights complaint form.

If Caradine fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. *See* FED. R. CIV. PROC. 41(b). *See also Ladien v. Astrachan*, 128 F.3d 1051, 1056 (7th Cir. 1997)(noting that Rule 41(b) permits "a district court to impose sanctions, including dismissal[]" for failing "to comply with discovery and scheduling orders.")(internal quotations and citation omitted). The dismissal shall count as one of Caradine's three allotted "strikes" under 28 U.S.C. § 1915(g).

Caradine is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Caradine elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1). See also *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998)(noting that plaintiff would remain liable for paying the filing fee even if his complaint was dismissed).

**IT IS FURTHER ORDERED** that Caradine's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

Finally, Caradine is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 1, 2020.**

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2020.07.01 15:05:47 -05'00'

GILBERT C. SISON
United States Magistrate Judge