IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARCEL CARADINE, #B72637,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Cause No. 3:19-cv-01159-GCS |
| | ) |
| **ROB JEFFREYS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# ORDER

**SISON, Magistrate Judge:**

Plaintiff Marcel Caradine, a former inmate of the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This matter is now before the Court on a Motion to Withdraw (Doc. 25) filed by Plaintiff's counsel. For the reasons set forth below, the Motion is GRANTED.

Plaintiff filed this action alleging he was confined in excess of his sentence. (Doc. 1). Following preliminary review of the Complaint under 28 U.S.C. § 1915A, the Complaint was dismissed for failure to state a claim and Plaintiff was granted leave to file an amended complaint. (Doc. 13). Counsel subsequently entered on Plaintiff's behalf (Doc. 19) and was granted additional time to file an amended complaint (Doc. 24).

Prior to the deadline for the filing of an amended complaint, Plaintiff's counsel filed the motion to withdraw. (Doc. 25). Counsel averred that she had been unable to obtain the records she believed she needed to file an amended complaint. Counsel believed it was best that she withdraw her appearance rather than do harm to the case.

A hearing was held on the motion on October 20, 2020. (Doc. 27). Plaintiff did not appear. Plaintiff's counsel appeared and submitted an Affidavit attesting that Plaintiff was provided notice of the motion to withdraw and had acknowledged receipt of the motion through Digisigner. Plaintiff's counsel expounded on the difficulties she was having in obtaining relevant documents from various sources. She further indicated that she had agreed to the representation on a pro bono basis and that the scope of the case was beyond what she had anticipated and what was represented to her by Plaintiff. She also noted that she was having trouble communicating with Plaintiff due to the fact that he was recently released from prison.

The Court finds that Plaintiff will not be prejudiced by the withdrawal of Counsel. This case is still in the early stages, and Plaintiff is competent to litigate this matter *pro se* at this time. Although Plaintiff failed to state a claim in his Complaint, he has demonstrated that he has the ability to articulate clearly and effectively on his own behalf. His case involves one straightforward issue as to whether he was confined in excess of his sentence. The problem with his Complaint was that the allegations did not indicate what role the defendants played in the alleged excessive confinement. In fact, Plaintiff did not mention any defendant by name in his statement of claim. Plaintiff should have sufficient knowledge to identify the individuals who committed the acts he alleges in his Complaint. Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown (for example, John Doe # 1 did X and Jane Doe # 2 did Y.)

The deadline for filing an amended complaint has passed. Plaintiff is granted one more extension of time to file an amended complaint, which is now due on or before

November 30, 2020. Plaintiff is **REMINDED** that he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. A successful complaint generally alleges "the who, what, when, where, and how . . . ." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff should attempt to include the relevant facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. Should Plaintiff fail to file his amended complaint within the allotted time or consistent with the instructions set forth in the Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claim.

Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED: October 26, 2020.**

Digitally signed by Judge Sison 2
Date: 2020.10.26 11:00:21 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**