IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCEL CARADINE, #B72637, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 3:19-cv-01159-GCS |
| | ) |
| ROB JEFFREYS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER DISMISSING CASE

**SISON, Magistrate Judge:**

This matter is before the Court for case management. Plaintiff Marcel Caradine, a former inmate of the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. The Complaint did not survive screening because Plaintiff failed to state a claim for relief, and on July 1, 2020, the Court dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915A. (Doc. 13). Plaintiff was granted leave to file a First Amended Complaint by July 31, 2020. *Id.* at p. 6. Subsequently, Plaintiff was granted three extensions of time to file his First Amended Complaint, with the last extension giving Plaintiff until November 30, 2020. (Doc. 16, 24, 28). In the Order granting the extension to November 30th, Plaintiff was warned that if he failed to submit a First Amended Complaint by the deadline, this case would be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claim. (Doc. 28, p. 3).

The deadline to file a First Amended Complaint has passed, and Plaintiff has not

filed the pleading or requested an extension.  Accordingly, this case is **DISMISSED with prejudice** for Plaintiff's failure to comply with the Court's Order and to prosecute his claim.  *See* FED. R. CIV. PROC. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).  *See also Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993)(noting that dismissal for failure to prosecute is presumptively with prejudice).  Because the Complaint failed to state a claim upon which relief may be granted, **this dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g)**.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment.  *See* FED. R. APP. PROC. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. PROC. 24(a)(1)(C).  If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. PROC. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-726 (7th Cir. 2008).  Moreover, if the appeal is found to be non-meritorious, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  *See* FED. R. APP. PROC. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

**DATED: December 10, 2020.**

Digitally signed by Judge Sison 2
Date: 2020.12.10 14:09:01 -06'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**